## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA BLUNDETTO and FRANK BLUNDETTO,<br><br>                  **Plaintiffs,**<br>    **v.**<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>                  **Defendants.** | **Civil Action No. 24-1116 (MEF) (MAH)**<br><br><br><br>**REPORT AND RECOMMENDATION** |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court on the motion of Plaintiffs Sandra and Frank Blundetto ("Plaintiffs" or at times "Sandra" or "Frank"),[1] to remand this action to the Superior Court of New Jersey, Law Division, Essex County. *See generally* Mot. to Remand, D.E. 5. The Honorable Michael E. Farbiarz, U.S.D.J., referred this motion to the Undersigned to issue a Report and Recommendation.[2] *See* Local Civ. R. 72.1(a)(2). The Undersigned has considered the briefs submitted in support of, and in opposition to, the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Undersigned respectfully recommends that the District Court grant Plaintiffs' motion, and remand this matter to state court.

---

[1] Plaintiffs are married and therefore share the same surname. For the sake of clarity, this Opinion will refer to the Plaintiffs by their first names.

[2] A decision to remand is dispositive. *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Accordingly, this Court addresses Plaintiff's motion via this Report and Recommendation.

I.    **BACKGROUND**

On January 30, 2024, Plaintiffs filed a two-count Complaint against Defendants Costco Wholesale Corporation ("Costco") and JSM @ Brick LLC ("JSM").  Not. of Removal, D.E. 1, ¶ 2; Compl., D.E. 1-1.  The allegations in the Complaint stem from a trip and fall Sandra suffered in the parking lot of a Costco store located in Brick, New Jersey on February 13, 2022.  Compl., D.E. 1-1, ¶ 1.  Sandra's claim sounds in negligence and Frank brings a per quod claim.  *Id.* ¶¶ 1-9.

On February 27, 2024, Costco removed this action to this Court on the basis of diversity jurisdiction.  Not. of Removal, D.E. 1.  Costco asserted that complete diversity exists because it is a corporation organized under the laws of Washington, and Plaintiffs are residents of New Jersey.  *Id.* ¶¶ 6-13.  Costco also contended that the amount in controversy exceeds $75,000.00.  *Id.*  Costco also stated that JSM, a New Jersey limited liability company, had not yet been served.  *Id.* ¶ 9.  The Notice of Removal, however, failed to specify Costco's principal place of business.

Plaintiffs filed the instant motion to remand on March 15, 2024.  *See generally* Mot. to Remand, D.E. 5.  Plaintiffs argue remand is appropriate because there is a lack of diversity of citizenship, in that both Plaintiffs and Defendant JSM are citizens of New Jersey.  Br. in Supp., D.E. 5-2, at 4.  Plaintiffs also maintain that remand is appropriate because although Costco's Notice of Removal set forth its state of incorporation, it failed to specify its principal place of business.  *Id.* at 5.

On March 29, 2024, Costco filed its opposition.  *See generally* Br. in Opp'n, D.E. 7.  Costco argues that its snap removal was proper because JSM had not yet been served at the time of removal.  *Id.* at 3.  In any event, Costco maintains, JSM is an out-of-possession landlord that is not responsible for the condition of the parking lot.  *Id.* at 2.  Costco also contends that it adequately pled this Court's subject matter jurisdiction in its notice of removal but that even if it did not, the

appropriate remedy would be for it to file an amended notice of removal and not remand. *Id.* at 4.

On April 2, 2024, Plaintiffs filed their reply. Plaintiffs contend that snap removal applies only in cases where all parties, including unserved defendants, are completely diverse. *See* Reply, D.E. 9, at 2-3. Additionally, Plaintiffs assert that Costco does not even attempt to demonstrate that it has properly pled both its state of incorporation and principal place of business in its notice of removal. *Id.* at 3.

## II.    ANALYSIS

The core of Plaintiffs' motion to remand hinges on whether the New Jersey citizenship of both Plaintiffs and JSM negates diversity jurisdiction under 28 U.S.C. § 1332(a), even though JSM had not been served at the time of removal. This raises the question of whether "snap removal"— *i.e.,* the act of removing a case to federal court before a forum-defendant is served, prevents the Court from considering the citizenship of the unserved defendant when evaluating subject matter jurisdiction. Complete diversity of citizenship is a fundamental requirement for maintaining a case in this Court, and a party may not bypass it simply because a non-diverse defendant has not been served at the time of removal. Accordingly, the Undersigned recommends that the District Court find that diversity jurisdiction is lacking and remand this case.

A party may remove "any civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Where a complaint does not raise a question of federal law, a district court may properly exercise subject matter jurisdiction only if the amount in controversy exceeds the value of $75,000 and diversity exists among the adverse parties." *In re Benicar (Olmesartan) Prods. Liab. Litig.*, 198 F. Supp. 3d 385, 386 (D.N.J. 2016) (citing 28 U.S.C. § 1332(a)). To invoke diversity jurisdiction, "no plaintiff can be a citizen

of the same state as any of the defendants at the time the complaint was filed and at the time of removal." *Id.* (citing *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013)).

If complete diversity of citizenship exists but one of the defendants resides in the forum, the forum-defendant rule may prevent removal. The rule states that an "action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). But if the forum-defendant removes the action before it has been served, and the case otherwise satisfies the diversity-of-citizenship requirements under § 1332, that action may be removed. This process is informally known as "snap removal." *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3rd Cir. 2018). The issue in this case is whether a co-defendant may snap remove a case where the non-served defendant and the plaintiff share the same state of citizenship, and therefore where there is no diversity of citizenship.[3]

As the party asserting federal jurisdiction by way of removal, the defendant bears the burden of establishing that subject matter jurisdiction exists at all stages in which the case is before the federal court. *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). A federal court lacking subject matter jurisdiction over a case must remand the matter back to state court. 28 U.S.C. § 1447(c); *see Farina v. Nokia, Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) (noting that a federal court cannot proceed without subject matter jurisdiction, nor can a party waive such jurisdiction). Section 1441 is to be construed strictly; all doubts must be resolved in favor of remand. *Id.*; *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) ("[R]emoval

---

[3] The parties do not dispute whether the amount in controversy has been satisfied in this case. The parties also agree that JSM is a citizen of New Jersey.

statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (citations omitted) (internal quotations marks omitted).

Relying solely on *Encompass*, Costco contends that its snap removal was proper because JSM, the forum-defendant, had not yet been "properly joined and served" when Costco removed the action.[4] Br. in Opp. D.E. 7, at 2-4. Therefore, Costco reasons, JSM's citizenship should not count in assessing diversity. But *Encompass* does not support that proposition. In fact, the Third Circuit in *Encompass* considered the propriety of snap removal for parties that were completely diverse, and the only issue was whether a Pennsylvania defendant could snap-remove the action to a Pennsylvania federal court notwithstanding the forum-defendant rule. *See also Dillard v. T.D. Bank*, No. 20-7886, 2021 WL 1085461, at *2-3 (D.N.J. Mar. 22, 2021) (noting that *Encompass* did not address the propriety of snap removal before service of a defendant who would defeat diversity jurisdiction).

In *Encompass*, the plaintiff was a motor vehicle insurance carrier that had settled a personal injury claim when its insured operated a motor vehicle while intoxicated and crashed, injuring both the insured driver and his passenger. *Encompass Ins. Co.*, 902 F.3d at 149. Encompass settled the claim of the injured passenger and thereafter brought a subrogation action against Stone Mountain, the restaurant that had allegedly over-served the driver. *Id.* Encompass was an Illinois corporation and Stone Mountain was a Pennsylvania corporation. *Id.* Before Stone Mountain accepted service, it removed the case to the United States District Court for the Western District of Pennsylvania. *Id.* at 150. The district court denied the plaintiff's motion to remand, finding that the forum-

---

[4] Although Costco contends that JSM is an "out-of-possession" landlord, Costco does not assert that JSM was fraudulently joined, which would be an exception to the complete diversity requirement. *See in re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006).

defendant rule under § 1441(b) did not apply because Stone Mountain had not been served at the time of removal. *Id.*

The Third Circuit agreed with the district court that removal was proper. The Third Circuit found that the plain text of § 1441(b)(2) "precludes removal on the basis of in-state citizenship only when the defendant has been properly served and joined." *Id.* at 152. The Third Circuit further determined that while "this result may be peculiar in that it allows Stone Mountain to use pre-service machinations to remove a case that it otherwise could not; however, the outcome is not so outlandish as to constitute an absurd or bizarre result." *Id.* at 153-54.

The circumstances underlying the snap-removal issue in *Encompass*, and the legal issue before the Third Circuit in that case, are quite different than that before the Court in this motion. Diversity of citizenship was undisputed in that action. Not so here. In this case, Costco asks the Court to hold that snap-removal allows a non-diverse defendant to remove the action before service, even though it woud destroy diversity of citizenship. Neither § 1441(b) nor *Encompass* authorizes such an extension of snap removal. Moreover, the majority of courts to consider the issue have prohibited removal if there is not complete diversity of citizenship. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939) (affirming remand of case and finding that "the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant"); *Rhodes v. Barnett*, 692 F. App'x 834, 835-36 (9th Cir. 2017) ("[U]nserved parties must be considered in determining whether there is complete diversity."); *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n, Local 159*, 714 F.2d 342 (4th Cir. 1983) ("Diversity jurisdiction is

6

determined by the face of the complaint, not by which defendants have been served."); *Stanley v. Lowe's Cos., Inc.*, No. 19-15436, 2020 WL 1531387, at *3-4 (D.N.J. Mar. 31, 2020) (remanding action where unserved defendants defeated complete diversity, and noting that "[t]he forum defendant rule and snap removal are only relevant, however, where diversity jurisdiction exists"); *Janaski v. Dettore*, No. 15-0072, 2015 WL 1573670, at *1-2 (E.D. Pa. Apr. 9, 2015) (remanding the action for lack of subject matter jurisdiction because complete diversity between the parties did not exist on the face of the complaint notwithstanding plaintiffs' failure to to serve non-diverse forum-defendant).

Defendant's argument also ignores that § 1441(b)(2)'s language – "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction under § 1332(a)" – requires the existence of diversity jurisdiction before the rule is applicable. *Stanley*, 2020 WL 1531387, at *4 (holding that "snap removals" are only proper where diversity jurisdiction otherwise exists). "While the citizenship of a forum-defendant (who is not properly served) does not offend the language of 1441(b), it does offend the language of 28 U.S.C. § 1332(a). Jurisdiction pursuant to § 1332(a), is limited to civil actions 'between…citizens of different States.'" *Keyser v. Toyota Material Handling Ne., Inc.*, No. 20-10584, 2020 WL 7481598, at *3 (D.N.J. Dec. 18, 2020). A defendant may remove a case based on diversity only if no plaintiff and no defendant are citizens of the same state both when the complaint was filed and removed. *Id.* Thus, to entirely disregard the presence of a defendant that would otherwise destroy diversity jurisdiction simply because it had not been served at the time of removal would require the Court to ignore the "otherwise removable" language of § 1441(b)(2). *See Burga v. UniFirst Corp.*, No. 20-20849, 2020 WL 8452558, *3 (D.N.J. Dec. 3, 2020), *report & recommendation adopted*, 2021 WL 395897 (D.N.J. Feb. 4, 2021).

Because snap removal and the forum-defendant rule may apply only if diversity of citizenship under § 1332 exists, and because Costco has failed to establish that diversity jurisdiction exists or that the matter is otherwise removable, Costco has failed to carry its burden of demonstrating that this Court has subject matter jurisdiction over this action. Accordingly, the Undersigned respectfully recommends the District Court remand this action to the Superior Court of New Jersey, Law Division, Essex County.

### III. CONCLUSION

For the reasons set forth above, the Undersigned respectfully recommends that the District Court grant Plaintiffs' motion and remand this matter to the Superior Court of New Jersey, Law Division, Essex County. The parties have fourteen (14) days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636; Fed. R. Civ P. 72(b)(2); Local Civil Rule 72.1(c)(2).


*s/ Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**


**Dated:** April 23, 2024